JUSTICE GRAY,
dissenting.
I respectfully dissent from the opinion of the majority. In applying the three-part test articulated in Interstate Prod. Credit Assn, my review of the record in this case leaves me with a definite and firm conviction that a mistake has been committed. I would reverse the award of maintenance.
Steven and Michele had been married for less than one year when the final decree of dissolution was entered. They lived together as a married couple for less than five fall months, at which time Steven was ordered to Saudi Arabia as a result of the Desert Storm conflict. Approximately five weeks later, Steven learned that Michele desired a divorce.
Michele was attending the University before the marriage; she received financial aid to finance her education and basic living expenses. She and her son lived in University housing and she received AFDC. She was not employed. Steven brought substantial assets into the marriage, including his $46,800 annual salary, a home free of encumbrances, and a savings account. He had no debt.
Shortly before the marriage, after Michele had moved into Steven’s home, Steven obtained a $30,000 home equity loan solely in his name. The loan proceeds were used for a new van for Michele, the wedding and reception, a honeymoon trip, a holiday cruise, and home improvement materials.
By the time the brief marriage ended, Steven’s net worth had decreased significantly due to the substantial home equity loan, depletion of his $5,600 savings account, and $6,000 in credit card *146 debt. Michele’s net worth remained much as it was prior to the marriage.
The majority affirms the District Court’s award of $800 per month maintenance for eighteen months, concluding that the requirements of § 40-4-203(l)(a) and (b), MCA, were met and that the District Court properly applied the § 40-4-203(2), MCA, factors. While I would have applauded voluntary payments by Steven in that amount and for that time, so as to enable Michele to complete her degree under improved financial conditions, I cannot agree that it is an appropriate legal result under the facts of this case.
The majority is correct that “[gjenerally, an award of maintenance is appropriate if the spouse seeking maintenance is unable to obtain appropriate employment with relation to the standard of living achieved by the parties during the marriage.” (Emphasis added.) It is my view, however, that this case must be distinguished from the “general rule” cases. In the case at bar, the parties were married for ten months and resided together for only five of those months. While it is true that Michele presently cannot obtain employment sufficient to support herself at the standard of living she enjoyed during the short marriage, it also is true that she did not contribute to attaining the standard of living into which she married and which she enjoyed for less than one year. In addition, she was a student and was not engaged in outside employment before the marriage. Therefore, nothing related in any way to the short marriage hindered her ability to compete successfully in the job market after the marriage. Michele is twenty-eight years old and in good health. These factors indicate that, although she remains in college obtaining additional training, she is not unemployable. In short, while Michele is to be commended for her commitment to obtaining a university degree, Steven should not be required under circumstances such as these to contribute to her efforts in that regard.
In addition, when determining whether the spouse qualifies for maintenance due to a lack of sufficient property to provide for his or her reasonable needs, the district court is required to consider all financial resources available to the spouse seeking maintenance. In re Marriage of Feisthamel (1987), 221 Mont. 321, 326, 739 P.2d 474, 478. Here, the record demonstrates that prior to the marriage, Michele’s financial resources were primarily in the form of financial aid and AFDC. The undisputed facts indicate that Michele continues to be eligible for financial aid while she remains in school. Additionally, the record indicates that she plans to remain in school. If Michele *147 takes advantage of the available aid, it is as sufficient to provide for her reasonable needs as it was prior to the short marriage. Thus, an award of maintenance in this case is inappropriate.
Furthermore, under these facts, the evidence presented to the District Court does not support a conclusion under § 40-4-203(l)(b), MCA, that Michele was unable to obtain appropriate employment to support herself. The evidence concerning Michele’s employability included the uncontested fact that she was to begin working within a few days after the conclusion of the dissolution proceeding under a work study grant which formed only part of her overall financial aid award from the University. This evidence of a clerical position paying $5.50 per hour indicates that Michele has skills necessary to secure appropriate employment to support herself. Employment in such positions at similar earnings is not uncommon for college students.
Finally, it appears to me that the District Court’s application of the § 40-4-203(2), MCA, factors was limited almost entirely to consideration of the middle-class standard of living enjoyed during the marriage and Steven’s ability to pay. As to the former, and as discussed above, it is my view that the District Court and the majority of this Court improperly fail to weigh the very brief duration of this marriage into the equation of this case. As to the latter, it is as clear to me as it apparently is to the majority, and was to the District Court, that Steven “can afford” to pay the awarded maintenance and that, as a result, Michele can be helped to obtain her degree. I believe, however, that it is legally incorrect to mandate such a result under the facts of this case. Michele’s ability to support herself through appropriate employment was neither hindered nor enhanced by reason of the parties unfortunately brief marriage. To require Steven, already in significantly less favorable financial circumstances as a result of the marriage, to put Michele in a significantly improved financial situation leaves me with a definite and firm conviction that a mistake has been committed. I would reverse.